IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

MOHAMED MIDDLE, #1509411,
   Petitioner,
v.

ROBERT L. GREEN et al.,
   Respondents.

CIVIL ACTION NO. PWG-15-3332

\*\*\*\*\*

## MEMORANDUM OPINION

Petitioner Mohamed Middle, a prisoner housed at the Montgomery County Correction Facility ("Correction Facility"), seeks to quash a detainer imposed by the Immigration and Customs Enforcement ("ICE") division of the Department of Homeland Security ("Homeland Security").[1] The request has been construed as a petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. *See* Pet., ECF No. 1. Because Middle cannot establish a deprivation of his liberty interests under the Due Process Clause, the petition shall be denied and dismissed, and a certificate of appealability shall not issue.

### Procedural History

Middle, a Maryland resident, states he is a permanent legal resident of the United States. Middle is confined at the Correction Facility following convictions in the Circuit Court for Montgomery County for stalking, harassment, malicious destruction of property, and violation of a protective order, for which three years of incarceration was imposed on August 1, 2014. *Maryland v. Middle*, No. 124298C (Cir. Ct. Montgomery Cnty. filed Jan. 24, 2014).[2]

---

[1] Middle has failed to pay the $5.00 filing fee or provide a motion and affidavit requesting leave to proceed in forma pauperis. As the petition is subject to dismissal, Middle will not be required to correct this deficiency.

[2] The record for this case is available through the Maryland Judiciary Case Search

On May 27, 2014, Homeland Security filed an Immigration Detainer Notice of Action with the Correction Facility, requesting Middle be held for forty-eight hours following completion of his sentence. ECF No. 1-2. The Notice of Action indicates that Middle, a citizen of Tanzania, may be subject to deportation because he has been convicted of a felony and has perpetrated a "domestic incid[ent]" and violated an ex parte order. *Id.*

## Analysis

Middle alleges the detainer violates due process where (1) he continues to challenge his conviction through post-conviction review and (2) his pre-incarceration history indicates he is a strong candidate for pre-release. Pet. Neither argument is persuasive.

Homeland Security may issue a detainer pursuant to 8 C.F.R. § 287.7(a) (2011), which provides, in pertinent part

> A detainer serves to advise another law enforcement agency that the Department seeks custody of an alien presently in the custody of that agency, for the purpose of arresting and removing the alien. The detainer is a request that such agency advise the Department, prior to release of the alien, in order for the Department to arrange to assume custody, in situations when gaining immediate physical custody is either impracticable or impossible.

Middle does not dispute his status as an alien non-citizen; indeed, he indicates that he is a permanent legal resident of the United States. Pet. Further, Middle does not seek action on the detainer to compel immediate determination of his removal status by immigration officials, and instead continues to serve his three-year sentence imposed in August of 2014. *See* Pet. Middle's continued confinement until the completion of his term of incarceration does not violate the Constitution or laws of the United States, and he has no private right of action to compel his

---

(http://casesearch.courts.state.md.us/casesearch/). Middle also was found guilty on August 12, 2014, for a violation of probation and sentenced to one year of incarceration with credit for 156 days served, to be served consecutive to all other sentences. *Maryland v. Middle*, No. 122246C (Cir. Ct. Montgomery Cnty. filed Feb. 21, 2013). The validity of his convictions is not at issue here.

immediate removal or immediate consideration for removal prior to the completion of his term of incarceration. *See Escobar v. U.S. Dept. of Justice*, No. MISC.05-0048, 2005 WL 1060635, at *1–*2 (E.D. Pa. May 5, 2005) (no cause of action to compel resolution of immigration detainer).

Middle's sole argument is premised on his belief that the detainer has deprived him of a liberty interest and denied him due process based on limitations imposed on his activities at the Correction Facility. A liberty interest protected by the Due Process Clause may arise from either of two sources: the Due Process Clause itself or enacted law. *See Hewitt v. Helms*, 459 U.S. 460, 466 (1983). With respect to convicted and sentenced prisoners, "[a]s long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." *Id.* at 468 (quoting *Montanye v. Haymes*, 427 U.S. 236, 242 (1976)).

It is well established that a prisoner possesses no liberty interest regarding assignment to a particular custody level or place of confinement. *See, e.g., Olim v. Wakinekona*, 461 U.S. 238, 245–46 (1983); *Hewitt*, 459 U.S. at 466–67; *Meachum v. Fano*, 427 U.S. 215, 224–25 (1976); *Montanye*, 427 U.S. at 242. State governments may confer on prisoners liberty interests that are protected by the Due Process Clause

> [b]ut these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

*Sandin*, 515 U.S. at 484, 486–87 (internal citations omitted) (finding that disciplinary segregation conditions which effectively mirrored those of administrative segregation and protective custody were not "the type of atypical, significant deprivation in which a state might conceivably create a liberty interest"). I am not aware of any Maryland statute that confers a liberty interest in being

free from the constraints imposed against prisoners subject to an immigration detainer. Further, I do not find that Middle's inability to progress to pre-release status presents an "atypical and significant hardship."

Middle cannot establish a deprivation of his liberty interests under the Due Process Clause. His petition shall be dismissed and a certificate of appealability shall not issue.[3] A separate order follows.

Date: 1/12/15

Paul W. Grimm
United States District Judge

---

[3] Middle has no absolute entitlement to appeal a district court's denial of habeas corpus request. *See* 28 U.S.C. § 2253(c)(1). A certificate of appealability is not warranted here as it may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004), or that "the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Because I find that there has been no substantial showing of the denial of a constitutional right, a certificate of appealability shall be denied. *See* 28 U. S. C. § 2253(c)(2).